[No. 10250.   Department Two.   June 26, 1912.]

CHARLES ZWICKEL, *Respondent*, v. AMERICAN SAVINGS BANK & TRUST COMPANY, *Appellant*.[1]

MONEY RECEIVED — FRAUD — NOTICE — EVIDENCE — SUFFICIENCY. Where a bank, holding a forged note and mortgage as collateral, had notice that their genuineness was denied, and received part of the purchase money when the owner sold the collateral and procured the bank to assign the same to the purchaser, who relied on the genuineness of the note and mortgage, the bank is liable to the purchaser for the money received by it in the transaction.

Appeal from a judgment of the superior court for King county, Gilliam, J., entered January 26, 1912, upon findings

[1]Reported in 124 Pac. 386.

in favor of the plaintiff, in an action for money paid, after a
trial to the court. Affirmed.

*John W. Roberts* and *George L. Spirk*, for appellant.
*Edward Von Tobel*, for respondent.

FULLERTON, J.—Sometime in June, 1910, one D. A. Hat-
field and one D. M. Peeples borrowed from the appellant,
American Savings Bank & Trust Company, the sum of $500,
executing a joint note to evidence the same. At the same
time and as collateral security for the payment of the note,
Hatfield assigned to the bank a note payable to himself for
$1,500, secured by mortgage on certain real property, pur-
ported to have been executed by A. A. Campbell and
Laura H. Campbell. When the note to the appellant bank
was about to mature, Peeples sought to find a purchaser for
collateral note and mortgage. He took up negotiations with
the respondent through his agent, Holland, and succeeded in
selling the same to the respondent for practically the face
value of the note. In consummation of the sale, Holland
paid to the appellant bank, by a certified check, the amount
due on the note of Hatfield and Peeples, and took from the
bank an assignment of the collateral note and mortgage, and
paid to Peeples the difference between the amount paid on the
bank's claim and the amount he had agreed to pay for the
note and mortgage. This transaction was had on September
15, 1910. Later on the same day, Holland discovered that
the note and mortgage were forgeries. He thereupon sought
out Peeples, and secured a return from him of the sum paid
him as part of the purchase price of the note and mortgage,
and made a demand upon the bank for the sum received by it,
offering at the same time to return to it the note and mort-
gage. The bank refused to return the money, whereupon
this action was begun to recover it. The action was tried
in the court below without the intervention of a jury, and re-
sulted in a judgment in favor of the respondent. The bank
appeals.

The trial court rested its judgment on the finding that the bank knew, at the time it assigned the note and mortgage to the respondent, that the same had been forged and were fraudulent, and that the respondent did not know of the fact, but purchased the same believing they were genuine; finding, also, that he would not have purchased the note and mortgage had he known the truth concerning them. The appellant attacks these findings in this court, contending that they find no support in the record; contending, further, that the evidence shows the purchase of the note and mortgage to have been made from Peeples and Hatfield and not from the bank.

But we think the evidence justifies the conclusions reached by the trial judge. It is admitted that the bank's officers were informed, prior to the time it made the assignment to the respondent, that the purported makers of the note and mortgage denied their genuineness; and it appears that permission had been obtained from the bank's officers for an inspection of the original by the purported makers, and that the note and mortgage were assigned by the bank between the time the permission to inspect was obtained and the time appointed for the inspection. It may, be as the officers testify, that they had no positive information of the invalidity of the instruments; but we think, nevertheless, that they had notice sufficient to put them upon inquiry, and that their subsequent actions with reference thereto must be treated as if had with full knowledge of the facts. As to the further contention, it may be that the legal effect of the transaction was a purchase by the respondent of the note and mortgage from Hatfield; but the fact remains that a part of the purchase money was paid to the bank by respondent on the strength of his belief in the genuineness of the note and mortgage, that the bank knew that the purchase was made in consequence of that belief, and knew, moreover, that, if the bank gained by the transaction, the respondent stood to be defrauded of the amount of such gain.

These facts clearly justify a recovery on the part of the respondent, and it is unnecessary to pursue the inquiry further.

The judgment is affirmed

MOUNT, ELLIS, and MORRIS, JJ., concur.